In the Matter of PERDIDO BAY COUN-
TRY CLUB ESTATES, INC., and Ver-
mont Land Corporation, Debtors.

Bankruptcy Nos. 81–02157–BKC–SMW,
81–02158–BKC–SMW.

United States Bankruptcy Court
S. D. Florida.

May 7, 1982.

Danny L. Kepner, Pensacola, Fla., for
Mobile Fixture & Equip Co., Inc. & Pensa-
cola Portion Pak.

Tary L. Nixon, Pensacola, Fla., for Brown-
ing Morgan, Utah and Devant, Ltd.

J. B. Hopkins, Pensacola, Fla., for Hop-
kins and Hopkins, P.A.

Jan Hevier, County Atty., Pensacola,
Fla., for Escambia County Utilities.

Thomas E. Johnson, Pensacola, Fla., for
Thomas E. Johnson, Trust.

Steven J. Baker, Pensacola, Fla., for
Polaris/E–Z–Go Division of Textron.

Eric C. Eggen, Pensacola, Fla., for NCR
Corp., C & C Products, Waller Bros.,
Dunlop Sports Co., Dunlop Tire & Rubber
Corp., Harris Intern., Inc., Quantum Sports-
wear, Ltd., Love Fore, Peoples Crystal Ice
Co., and George Cook for L & L Shirts, Inc.

John E. Venn, Jr., Pensacola, Fla., Law-
rence M. Schantz, Miami, Fla., Donald N.
Rothman, Baltimore, Md., for The Equita-
ble Trust Co., defendant, counterplaintiff.

Daniel J. Bosanko, Tallahassee, Fla., for
Dept. of Business Regulations.

Robert O'Malley, Jr., Miami, Fla., for
debtor.

## ORDER DENYING MOTION TO TRANSFER CASES

SIDNEY M. WEAVER, Bankruptcy
Judge.

THIS CAUSE coming on to be heard
upon the Motion to Transfer Cases filed by
The Equitable Trust Company ("Equita-
ble") and certain creditors of the debtor,
Perdido Bay Country Club Estates, Inc.
("other movants"), and the Court, having
heard the testimony and examined the evi-
dence presented, observed the candor and
demeanor of the witnesses, considered the
arguments of counsel and being otherwise
fully advised in the premises, does hereby
make the following findings of fact and
conclusions of law:

On December 30, 1981, Vermont Land
Corporation ("Vermont") and its wholly
owned subsidiary, Perdido Bay Country
Club Estates, Inc., ("Perdido") filed peti-
tions for relief under Chapter 11 of the
Bankruptcy Code in the United States
Bankruptcy Court for the Southern District
of Florida. On February 5, 1982, a Section
341 Meeting of Creditors was held in each
case. On February 9, 1982, an order was
entered authorizing the joint administration
of the cases. On February 17, 1982 the

debtors filed an action ("Adversary Proceeding") against Equitable under 11 U.S.C. § 548 to set aside the transfer of title to real and personal property of the debtors acquired by Equitable which property is located in Escambia County, Florida, Windham County, Vermont and Orleans County, Vermont. On March 23, 1982, Equitable joined by the other movants moved to transfer the Chapter 11 cases to the United States Bankruptcy Court for the Northern District of Florida ("Northern District") pursuant to 28 U.S.C. § 1475, which provides:

A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

The facts of the case reflect the following:

(1) Perdido and Vermont maintain their offices in the United States District for the Southern District of Florida ("Southern District"), where their businesses are conducted.

(2) The books and records of Perdido and Vermont are maintained in the Southern District.

(3) The bank accounts of Perdido and Vermont are maintained in the Southern District.

(4) The only potential asset of Perdido located in the Northern District is that certain property located in Escambia County, Florida referred to as Perdido Bay Country Club Estates, which is partially the subject of the Adversary Proceeding.

(5) No property of Vermont is located in the Northern District.

(6) Ninety-Eight (98%) percent of unsecured claims of all kinds, including insider claims, are located outside the Northern District. Excluding insider claims, a majority of the creditors of Perdido are located in the Pensacola area, although not necessarily within the Northern District.

(7) The officers, employees, accountants, appraisers, and lawyers of Perdido and Vermont are located in the Southern District.

■ The test for transferring a properly filed case is twofold: the interest of justice and the convenience of the parties. This standard under 28 U.S.C. § 1475 is the same as it was under Bankruptcy Rule 116(b)(1) and the cases decided thereunder remain persuasive. 1 Collier on Bankruptcy ¶ 3.02[4][d], at 3–202 (15th ed. 1981).

Courts of bankruptcy in deciding questions of transfer have long considered several factors including: (1) the proximity of creditors of every kind to the court; (2) the proximity of the debtors to the court; (3) the proximity to the court of the witnesses necessary to the administration of the estate; (4) the location of the assets; and (5) the economical and efficient administration of the estate. *In re Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239 (5th Cir. 1979); *In re Bankers Trust*, 403 F.2d 16 (7th Cir. 1968); *In re Twentieth & Penrose Associates*, 4 Bankr.Ct.Dec. 802 (E.D.Pa.1978).

(1) *The proximity of creditors of every kind to the court.* The overwhelming amount of claims of every kind of Perdido and Vermont are located outside of the Northern District. Equitable contends that for the purpose of determining the proximity of creditors to the court, the court should give little weight to the location of insider creditors. However, the language in the cited cases describes the creditor factor thus "creditors of *every kind*" (See e.g. *Commonwealth Oil, supra*, at 1247). Furthermore, no creditors of Vermont are located in the Northern District or its surrounding area.

(2) *The proximity of the debtors to the court.* The principal places of business of Perdido and Vermont are located in the Southern District. Perdido and Vermont do not maintain offices in the Northern District nor do they have any officers or employees located in the Northern District. Therefore, consideration of the proximity of the debtors to the court indicates that the forum chosen by the debtors is not only proper but more convenient than the Northern District.

(3) *The proximity of the witnesses necessary to the administration of the estate.* The officers and employees, accountants, attorneys and appraisers retained by Perdido and Vermont pursuant to court order are located within the Southern District. In addition, the books and records of Perdido and Vermont are located in the Southern District. Therefore, the proximity of the

witnesses necessary to the administration of the estate also weighs in favor of retention of the cases in the Southern District.

(4) *Location of the assets of the debtors.* The only asset of either debtor located in the Northern District is that certain real and personal property previously owned by Perdido which is partially the subject of the Adversary Proceeding. None of the property of Vermont nor other assets of Perdido are located within the Northern District.

(5) *The economic administration of the estate.* Perdido and Vermont have conducted their businesses in the Southern District both prior to and after the filing of the Chapter 11 petitions. Undoubtedly, if the cases were transferred to the Northern District, additional expense would be incurred and inconvenience would be suffered by the debtors in transporting officers, attorneys, witnesses and records to the Northern District.

To justify the transfer of the cases, Equitable and the other movants must establish that the balance of interests weighs strongly in their favor. *In re Twentieth & Penrose Associates, supra.* Equitable and the other movants have failed to meet this burden.

In considering the above enumerated factors, the Court concludes that the interest of justice and the convenience of the parties would best be served by the retention of the Chapter 11 cases by this Court.

Accordingly, the Court denies the Motion to Transfer Cases filed by Equitable and the other movants.