**In re George Philip TOWNSEND, Jr. a/k/a Phil Townsend, Jr. and Margaret Townsend, Debtors.**

**Bankruptcy No. 88–00035.**

United States Bankruptcy Court, N.D. Florida, Gainesville Division.

April 1, 1988.

Lansing J. Roy, Keystone Heights, Fla., for debtors.

T. Whitney Strickland, Tallahassee, Fla., trustee.

## ORDER GRANTING MOTION TO TRANSFER VENUE

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER first came on for consideration *sua sponte*, it appearing from the debtor's petition, schedules, and statement of affairs that venue was not proper in this district. The Court entered an order on March 4, 1988, for the debtor to show cause why this case should not be dismissed or transferred to the Middle District of Florida and giving creditors fifteen (15) days to file any objections to venue. The debtor filed a response to the Order to Show Cause, and the South Atlantic Production Credit Association filed an Objection to Venue and a Motion to Transfer Venue.

George Townsend, Jr. filed a Chapter 11 case in this district in December, 1985, which was ultimately dismissed in February, 1988, due to the debtor's inability to propose a confirmable plan of reorganization. The question of venue was never raised in the Chapter 11 case. The instant Chapter 12 case was then filed on March 1, 1988. The debtors state on the face of their petition that, "Petitioners have not resided within this district for the preceding 180 days, but venue will be based on convenience of the parties." The debtors now assert that the Court should retain venue of this case for the convenience of the parties and because of this Court's familiarity with the previous Chapter 11 case. Counsel maintains further that creditors and other parties in interest are estopped from objecting to venue or that they have waived their objections in this case because they failed to raise the issue in the Chapter 11 case.

Taking the estoppel and waiver arguments first, the debtor takes the position that the conduct of the parties in the previous Chapter 11 case by not objecting to venue should prevent them from raising the venue issue in this case. There is no question but that objections to venue may be waived in a case by acquiescence or consent. *Hunt v. Bankers Trust Compa-*

*ny,* 799 F.2d 1060 (5th Cir.1986). This is however an entirely new case filed under a different Chapter; the Chapter 11 case was dismissed. Counsel has not provided any authority nor has the Court been able to find any authority to support the proposition that the waiver of an objection to venue in one case should bar by waiver or estoppel a similar objection in another case. The parties are entitled to raise the question of improper venue in this case as they could in any other case. Therefore, the Court will consider the objection and motion to transfer venue filed by the South Atlantic Production Credit Association on its merits. Even if estoppel or waiver were to prevent the parties from objecting to venue in this case, the Court may now raise the issue using its *sua sponte* powers under 11 U.S.C. § 105(a). 8·King, *Collier on Bankruptcy* ¶ 1014.04 (15th Ed.1988).

■ The criteria used to establish proper venue for cases under Title 11 are delineated in 28 U.S.C. § 1408 which states that:

Except as provided in Section 1410 of this Title, a case under Title 11 may be commenced in the district—

(1) in which the domicile, residence, principal place of business in the United States or principal assets in the United States of the person or entity that is the subject of such case have been located for the 180 days immediately preceding such commencement, or for a longer period of such 180 day period other than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

(2) in which there is pending a case under Title 11 concerning such persons, affiliate, general partner or partnership.

These are not simply "general criteria used to determine venue of bankruptcy cases" as stated by debtors' counsel in response to the Order to Show Cause. The only basis for venue in a bankruptcy case are the specific statutory provisions of § 1408, and, in the view of this Court, the debtor does not have the option to choose a district in which there is not even a reasonable asser-

tion that any of these criteria are met. *Contra* 8 King, *supra* at ¶ 1014.05 (15th Ed.1988). The debtors do not allege in their response, nor does it appear from their Petition or Statement of Affairs, that they meet any of those criteria. The debtor resides in Live Oak, Suwannee County, Florida, which is in the Jacksonville Division of the Middle District of Florida. Neither the domicile, residence, principal place of business, nor the principal assets of the debtors have been located in the Northern District of Florida for any part of the 180 days preceding the filing of this case. Therefore, the Court finds that this case has been filed in an improper venue.

■ As enacted by the Bankruptcy Reform Act of 1978, Pub.L. 95–598 (1978), 28 U.S.C. § 1477 provided for retention or transfer of a case filed in an improper district, but § 1477 was repealed by the Bankruptcy Amendments and Federal Judgeship Act, Pub.L. 98–353 (1984). Prior to the 1987 Amendments to the Bankruptcy Rules, Rule 1014(a)(2) also provided that the Court could either retain or transfer a case filed in an improper district. Bankruptcy Rule 1014(a)(2) as amended in 1987 provides that:

(2) **Cases Filed in Improper District.** If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

The 1987 Advisory Committee Note to the Rule states that:

Both paragraphs 1 and 2 of subdivision (a) are amended to conform to the standard for transfer in 28 U.S.C. § 1412. Formerly, 28 U.S.C. § 1477 authorized a court either to transfer or retain a case which had been commenced in a district where venue was improper. However, 28 U.S.C. § 1412, which supercedes 28 U.S.C. § 1477, authorizes only the transfer of a case. The rule is amended to delete the reference to retention of a

case commenced in an improper district. Dismissal of a case commenced in the improper district as authorized by 28 U.S.C. § 1406 has been added to the rule. If a timely motion to dismiss for improper venue is not filed, the right to object to venue is waived....

Thus, once the Court has made a determination that venue is not proper, it no longer has discretion to retain the case. The only issue left for determination is whether the case should be transferred or dismissed. 8 King, *supra.* The debtors have been given an opportunity to submit their arguments opposing transfer of their case in writing and they have filed a written response; consequently, the Court finds that no hearing is necessary.

■ The standards for transfer of a case pursuant to Rule 1014(a)(2) when venue is improper are the same as when venue is proper. 8 King, *supra.* The factors to be considered by the Court are:

(1) The proximity of creditors of every kind to the Court;

(2) The proximity of the debtors to the Court;

(3) The proximity of the witnesses necessary to the administration of the estate;

(4) The location of the assets;

(5) The economic administration of the estate;

(6) The necessity for ancillary administration if bankruptcy should result.

*In re Commonwealth Oil Refining Co., Inc.,* 596 F.2d 1239 (5th Cir.1979), *cert. denied,* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980); *In re Geis,* 66 B.R. 563 (Bkrtcy.N.D.Ga.1986); *Matter of Perdido Bay Country Club Estates,* 19 B.R. 1015 (Bkrtcy.S.D.Fla.1982).

■ Proximity: The debtors reside in Live Oak, Florida, which is approximately 82 miles by interstate highway from Jacksonville in the Middle District and approximately 67 miles from Gainesville in this district, a difference of 15 miles. Most of the creditors are also located in Live Oak. Debtors' counsel points out that the main office of the South Atlantic Production Credit Association, the movant, is just north of Gainesville, but they also have offices in Live Oak and Jacksonville. One of the largest creditors, the United States Small Business Administration has its offices in Jacksonville. The debtors have, in fact, not listed any creditors in their schedules with an address in this district. The debtors' assets are all located in Suwannee County where they reside, and finally, there is no evidence or argument that the availability of witnesses will be a problem if this case is transferred to the Middle District of Florida.

Economic Administration: Counsel urges that, because of this Court's familiarity with the Chapter 11 case, it is "more knowledgeable and more able to make determinations in this matter, ..." which will presumably bring the case to a more expeditious conclusion and "enhance the interest of justice." While this Court is confident of its knowledge and ability to make determinations in this case, it is unlikely that it is any more competent or capable of doing so than the Bankruptcy Court for the Middle District of Florida. The knowledge that this Court may have of the facts in the previous case is of questionable or possibly no value in the instant case, particularly in light of the differences between Chapter 12 and Chapter 11. There are no factors present here such as companion cases pending in separate districts, or long distances to travel which favor the venue of this case in one district or the other. The debtors have not presented any argument to convince this Court that this case can not be speedily and economically administered in the Middle District just as any other Chapter 12 case properly filed in that district. On the other hand, it does not appear that there is any basis to dismiss the case at this time. The South Atlantic Production Credit Association has filed a motion to dismiss for lack of good faith, but that is an issue which can be heard and determined after the case is transferred.

■ It is a matter which gives the Court reason for concern when cases are filed in this district without even a colorable argument that venue is proper under 28 U.S.C.

§ 1408. This is not the first time the Court has been faced with this problem in the Gainesville Division which borders the Middle District of Florida (see the attached map). Gainesville is located roughly in the center of Alachua County on the eastern most border of this district. Alachua County is bordered on three (3) sides by six (6) counties which are in the Middle District. Thus the Court is well aware that, due to the geographical boundaries of the districts, the debtor, or the debtors' attorney, may find it a little more convenient in many instances to travel to Gainesville rather than to Jacksonville in the Middle District. Nevertheless, the Court does not find any justification or support for a permissive rule which allows the debtor to altogether bypass 28 U.S.C. § 1408 and forum shop between adjacent districts on the basis of the convenience of the parties. In cases where convenience is an overriding concern, the debtor should file in the proper district and then move to transfer the case pursuant to 28 U.S.C. § 1412.

■ In all cases filed in this district, at least one of the bases for venue enumerated in 28 U.S.C. § 1408 should be clearly stated on the face of the petition. This Court will not tolerate blatant attempts to circumvent the venue provisions of Title 28 in the future. Accordingly, on the foregoing, it is

ORDERED AND ADJUDGED that the MOTION TO TRANSFER VENUE filed by the South Atlantic Production Credit Association is hereby granted, and this case is hereby transferred to the Bankruptcy Court for the Middle District of Florida.

ATTACHMENT

# FEDERAL DISTRICTS

## NORTHERN

| | |
|---|---|
| Alachua | Lafayette |
| Bay | Leon |
| Calhoun | Levy |
| Dixie | Liberty |
| Escambia | Madison |
| Franklin | Okaloosa |
| Gadsden | Santa Rosa |
| Gilchrist | Taylor |
| Gulf | Wakulla |
| Holmes | Walton |
| Jackson | Washington |
| Jefferson | |

Court held at Gainesville, Panama City, Pensacola and Tallahassee.

## MIDDLE

| | | |
|---|---|---|
| Baker | Hardee | Polko |
| Bradford | Hernando | Pinellas |
| Brevard | Hillsborough | Putnam |
| Citrus | Lake | Sarasota |
| Charlotte | Lee | Seminole |
| Clay | Manatee | St. Johns |
| Columbia | Marion | Sumter |
| DeSoto | Nassau | Suwannee |
| Duval | Orange | Union |
| Flagler | Osceola | Volusia |
| Hamilton | Pasco | |

Court held at Fernandina, Fort Myers, Jacksonville, Live Oak, Ocala, Orlando, Tampa and St. Petersburg.

## SOUTHERN

| | |
|---|---|
| Broward | Indian River |
| Collier | Martin |
| Dade | Monroe |
| Glades | Okeechobee |
| Hendry | Palm Beach |
| Highlands | St. Lucie |

Court is in continuous session at Miami. Special Sessions held at Fort Lauderdale, Fort Pierce, Key West and West Palm Beach.