**In re MARUKI USA COMPANY, INC., f/d/b/a Uokuni U.S.A. Company, Inc., Debtor.**

**Bankruptcy No. 88 B 11592 (TLB).**

United States Bankruptcy Court, S.D. New York.

Nov. 9, 1988.

Willkie Farr & Gallagher by Alan J. Lipkin, New York City, for Corporate Property Associates 7.

Whitman & Ransom by William M. Kahn, Carlos J. Cuevas, New York City, for debtor.

Hahn & Hessen by Michael Schreiber, New York City, for petitioning creditors.

## MEMORANDUM DECISION AND ORDER ON MOTION TO TRANSFER VENUE OF ANOTHER CASE TO THIS COURT

TINA L. BROZMAN, Bankruptcy Judge.

### I.

Maruki USA Co., Inc. (Maruki USA), the debtor, moves to transfer to this district the bankruptcy case of HL Associates Limited (HL Associates) currently pending in the Southern District of Florida. Other bankruptcy cases are also pending in other districts involving debtors that have some form of relationship to Maruki USA. A brief sketch of their relationships and the timing and location of their filings is necessary.

On April 30, 1988, Memphis–Friday's Associates (Friday's), a limited partnership whose general partner is wholly owned by Maruki USA, filed a voluntary petition under chapter 11 of the Bankruptcy Code (the Code) in the United States Bankruptcy Court for the Western District of Tennessee, Western Division. At approximately the same time, another limited partnership which had the same relationship to Maruki USA filed a chapter 11 petition in the same court. On July 21, 1988, an involuntary chapter 7 petition was filed against Maruki USA in this court. On August 19, 1988, HL Associates, yet another limited partnership whose general partner is wholly owned by Maruki USA, filed a voluntary chapter 11 petition in the bankruptcy court for the Southern District of Florida. HL

Associates' general partner, Maruki Florida HL, Inc. (Maruki Florida), owns 50% of the limited partnership interests in HL Associates. On September 9, 1988, Maruki USA consented to the entry of an order for relief pursuant to chapter 11, which order was entered by this court on September 15, 1988. After the involuntary petition was filed, Maruki USA filed or caused to be filed in this district four other chapter 11 cases.[1]

Ten days after it converted the involuntary to a chapter 11 case, Maruki USA by order to show cause sought pursuant to 28 U.S.C. § 1412 to transfer the HL Associates case from Florida to this district; Maruki USA concomitantly sought pursuant to Fed.R.Bankr.P. 1014(b) a stay of all proceedings in the HL Associates case until a determination of the motion to transfer venue. Corporate Property Associates 7 (CPA:7), HL Associates' landlord[2], objected to the stay. This court entered the order to show cause but did not grant the stay for two reasons, first, because it did not appear that Maruki USA and HL Associates were affiliates and, second, because it appeared that prejudice would befall CPA:7 if the stay were granted. On October 4, 1988, just prior to the hearing on the order to show cause to transfer venue of the Florida case, Maruki Florida filed its chapter 11 petition in this court in what was without question an effort to supply an affiliate of HL Associates such that the venue motion would be considered. After the trial, a limited stay was granted until resolution of the motion.

### II.

HL Associates is a Florida limited partnership which operates a seafood restaurant and lounge in Jupiter, Florida known as Harpoon Louie's (the Premises). The Premises were acquired in December 1987

---

1. Harbor Park Associates, a limited partnership whose general partner is a wholly-owned subsidiary of Maruki USA filed its petition on August 26, 1988; Dudley's Associates Georgia, another limited partnership whose general partner is a wholly-owned subsidiary of Maruki USA, filed on October 4, 1988, as did Maruki Florida; Harbor Park Inc., a wholly-owned subsidiary of

Maruki USA, filed its petition on October 24, 1988.

2. The designation "landlord" is descriptive only and is not meant as a finding which would preclude HL Associates from challenging the ability of CPA:7 to invoke the protections of sections 365 of the Code.

by CPA:7 in a transaction structured as follows: the seller was paid $8 million; approximately $2 million of this amount was paid by HL Associates and approximately $6 million was paid by CPA:7, $4 million of which CPA:7 borrowed from NCNB National Bank of Florida (NCNB). CPA:7 executed a mortgage in favor of NCNB to secure that indebtedness. On December 11, 1987, CPA:7, as lessor, entered into a lease (the Lease) with HL Associates, as lessee for the Premises, for a base monthly rental of $63,500. As security, Maruki USA executed guarantees in favor of CPA:7 and NCNB.

In July 1988, the cash flow of HL Associates was inadequate and the efforts to delay payments were unsuccessful. This led to the voluntary filing of the HL Associates' chapter 11 petition on August 19, 1988. That petition named HL Associates' business and post office address as 1065 Ala Highway, Jupiter, Florida. The petition also stated that HL Associates had its principal asset and business within the Southern District of Florida for the preceding 180 days prior to its filing.

On September 20, 1988, the day after this court refused to grant a stay of the HL Associates case, the Florida bankruptcy court lifted the automatic stay to permit CPA:7 to proceed with state court proceedings to retake possession of the Premises. The Florida court's order also provided that the stay would be reimposed on October 1, 1988 if prior to that date HL Associates met certain conditions: (1) payment of all post-petition rent including the rent for October 1988, sales tax and late charges (2) receipt by CPA:7 of evidence that all insurance as required by the lease was in effect, and (3) confirmation that the conditions had been met by way of the filing of a motion for rehearing of the order. As of October 4, 1988, when this contested matter was tried, HL Associates had not met any of the above conditions and the action instituted by CPA:7 in the Florida state court to retake possession of the Premises was pending. Notwithstanding that the motion for rehearing had not been filed, Maruki USA indicated in open court that it intended to shortly file such a motion.

## III.

Fed.R.Bankr.P. 1014(b) governs the transfer of venue when petitions are filed involving related debtors in different districts. The rule provides, in pertinent part, if "petitions commencing cases under the Code are filed in different districts by or against ... (2) a partnership and one or more of its general partners, or ... (4) a debtor and an affiliate, on motion filed in the district in which the first petition is filed and after hearing on notice to the petitioners and other entities as directed by the court, the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed."

We turn first to whether Maruki USA and HL Associates have the relationship necessary to enable this court to contemplate a transfer under Rule 1014(b). Clearly, they do not have the relationship of partner and general partner; nor do they have the relationship of two general partners. Thus we look to whether they are debtor and affiliate. The Code at section 101(2) defines an "affiliate" as follows:

(2) "affiliate" means-

(A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities-

(i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

(ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

(B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities-

(i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

(ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

(C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

(D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement;

Conceding that its relationship with HL Associates does not fit within the exact language of the statute, Maruki USA nevertheless argues that the relationship is such that Maruki USA and HL Associates should be considered affiliates by virtue of section 101(2)(A) and (D). Maruki USA contends that a review of the legislative history reveals Congress' intent to include within the definition of an affiliate an entity that has control over and has a close relationship with the debtor. *See* 2 L. King, *Collier on Bankruptcy* ¶ 101.02 (15th ed.1988); H.R.Rep. No. 595, 95th Cong.2d Sess. 308 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6265. Further, Maruki USA urges that this construction is necessary in order to effectuate the purpose of the section and rule. Thus, the argument continues, because Maruki USA has exercised control over HL Associates by virtue of the former's ownership of 100% of the stock of Maruki Florida, which in turn owns 50% of and is the general partner of HL Associates, Maruki USA is an affiliate of HL Associates. CPA:7 urges that, to the contrary, affiliate is defined in the Code by what it "means" and not by what it includes. Since the relationship between Maruki USA and HL Associates does not fit within the plain words of the statute, CPA:7 urges that HL Associates is not an affiliate of Maruki USA and that this court should not entertain the venue motion.

It is necessary at this point to parse out the definition of "affiliate." Neither Maruki USA nor HL Associates is an entity which owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor; HL Associates owns no stock in Maruki USA and HL Associates has no voting securities, being a limited partnership. Maruki USA contends that a limited partnership ought to be considered to have voting securities. We disagree. Congress clearly understood the differences between corporations, unincorporated associations and limited partnerships when it drafted the Code. Thus, for example, it specifically defined "corporation" to exclude a limited partnership.[3] Had Congress meant to include within section 101(2)(A) a limited partnership, it would not have used the words "outstanding voting securities of the debtor." Since a limited partnership has no voting securities, it would be inappropriate to expand section 101(2)(A) beyond its plain meaning to embrace that type of entity.

As to subsection 101(2)(B), HL Associates does not directly or indirectly own, control or hold any voting securities of Maruki. HL Associates cannot be a controlled "corporation" because, as discussed above, a limited partnership cannot be a corporation.

Subsection 101(2)(C) and (D) give no greater comfort to Maruki USA because HL Associates and Maruki USA are not parties to any lease or operating agreement with one another.

---

**3.** The definition of a corporation under the former Bankruptcy Act did not expressly exclude a limited partnership. Thus, the utility of an Act case entitled *In re Brookhollow Associates, Inc.*, 435 F.Supp. 763 (D.Mass.1977), *aff'd on other grounds*, 575 F.2d 1003 (1st Cir.1978), is questionable. There, in deciding whether venue of four limited partnerships was proper in the district where the limited partner who owned 80% of each had filed an individual petition, the district court determined that the limited partner who had voting control of the partnerships was like a majority shareholder of a corporation such that the limited partnership should be considered a corporation of whom the limited partner was an affiliate. On appeal from the district court, the circuit court declined to address the issue and affirmed on other grounds. Not only is the definition of a corporation different under the Code, but here, Maruki USA, through Maruki Florida, can not be considered a majority shareholder given that it owns only 50% of the limited partnership.

The only possible manner in which this court could decide the venue motion is by resort to the relationship between Maruki Florida and HL Associates. Those two entities are within the reach of rule 1014(b) because they are a partnership and its general partner. *See Near v. Great American First Savings Bank FSB (In re Reddington Investments Limited Partnership–VIII)*, 90 B.R. 429, 431 (9th Cir. BAP 1988). CPA:7 argues, however, that because as between those two related debtors, the Florida filing was the first, this court cannot utilize rule 1014 and only the Florida court can entertain the motion. Maruki USA urges that because it is affiliated with Maruki Florida, which is in turn related to HL Associates within the meaning of rule 1014, this court should be deemed to be the first filed court of a series of debtors who, even if not each affiliated with every one of the others, are each affiliated with at least one of the others.[4]

Given the peculiar facts of this case, it is not necessary to determine which of these constructions of rule 1014 is the better. Rule 1014 is permissive in nature. It does not direct the first filed court to consider the venue motion, but, rather, says that that court "may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed." Further, the rule provides that the first filed court may decline to stay other cases until the transfer motion is determined. Whereas the moments are probably rare that a court should decline to entertain a rule 1014(b) motion, this is one those cases.

If CPA:7's construction is the preferable one, this court is powerless to entertain the motion. But assuming, without deciding, that Maruki USA's construction of rule 1014 is correct, it would be inappropriate to determine the venue motion simply because Maruki USA, moments before its motion was to be heard, filed a petition for Maruki Florida. As of the time that the motion was served and briefed, there was no debtor in this court whose relationship with HL

Associates could sustain this motion. HL Associates filed a voluntary petition in Florida. To entertain the venue motion because of Maruki Florida's eleventh-hour filing after the stay was lifted in the HL Associates case by the Florida court would be to encourage flagrant forum shopping. *See In re Texaco*, 84 B.R. 911, 921 (Bankr. S.D.N.Y.1988) (court would not permit withdrawal of the reference where it would encourage forum shopping). Certainly, the interest of justice does not command such a result. It was, and remains, the province of the Florida bankruptcy court to determine the proper venue for the HL Associates case. *Cf. In re Townsend*, 84 B.R. 764, 768 (Bankr.N.D.Fla.1988) (court would not allow debtor to bypass the venue provisions and forum shop between districts on the basis of convenience of the parties. The court stated that the debtor should file in the proper district and then move to transfer venue pursuant to 28 U.S.C. § 1412).

Accordingly, the motion is denied without prejudice to an application to the Florida court to transfer the HL Associates case to this court. The limited stay previously granted is dissolved. IT IS SO ORDERED.

---

**4.** The Tennessee court is not the first filed court of related debtors under any scenario. This is so because Maruki USA is not affiliated with

Friday's, a limited partnership whose Maruki USA-owned general partner is not in bankruptcy.