**In re William H. PICK, Jr., a/k/a Bill Pick, d/b/a Farmer, a sole proprietor, Social Security No. 507–46–0947, Debtor.**

Bankruptcy No. 88–40452–PKE.

United States Bankruptcy Court,
D. South Dakota.

Jan. 12, 1989.

Roger W. Damgaard, Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, S.D., for Coleridge Nat. Bank.

John Harmelink and Wanda Howey–Fox, Harmelink & Fox Law Offices, Yankton, S.D., for debtor William H. Pick, Jr.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

## INTRODUCTION

This case is before the Court on an objection to venue and a motion to transfer the case to the District of Nebraska filed on behalf of the Coleridge National Bank, Coleridge, Nebraska. A hearing on the matter was held November 16, 1988, in Sioux Falls, South Dakota. After receiving evidence at the hearing and arguments of counsel, the Court took the matter under advisement and requested briefs from the parties.

## BACKGROUND

William H. Pick, Jr. (Pick), debtor, filed for relief under Chapter 12 of the Bankruptcy Code on October 5, 1988, in the District of South Dakota. Coleridge National Bank (Bank) timely filed and served its objections to venue and filed its motion to transfer venue on November 9, 1988. A hearing on the matter was held on November 16, 1988.

Pick, approximately 70, operates a farm three miles northwest of Hartington, Nebraska. Pick is a lifelong resident of Nebraska. His home has always been located in Nebraska. All of Pick's real and personal property is located in Nebraska. He has always banked in Nebraska. He is registered to vote there. Also, his driver's license is issued by the State of Nebraska.

## ISSUES

The principal issues raised are: 1) whether the Pick Chapter 12 case is improperly venued in the District of South Dakota and would be properly venued in the District of Nebraska; and 2) whether a bankruptcy court has the authority to retain a case filed in an improper venue.

## LAW

### First Issue

As to the first issue, the Court holds, pursuant to 28 U.S.C. § 1408, that William Pick's Chapter 12 case is improperly venued in the District of South Dakota and should be venued in the District of Nebraska. This is based on the following discussion.

Section 1408 of Title 28 of the United States Code addresses venue of cases under Title 11 of the United States Code and provides as follows:

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located

for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; . . . .

■ The party moving for a change of venue must show by a preponderance of the evidence that the case should be transferred. *In re Dahlquist*, 34 B.R. 476, 485 (Bankr.D.S.D.1983), *citing In re Commonwealth Oil Refining Company, Inc.*, 596 F.2d 1239, 1241 (5th Cir.1979), *cert. denied*, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980) (hereinafter *Corco* ). The party objecting to venue must prove that neither the debtor's domicile, residence, principal place of business, or principal assets have been located in the place of filing for 180 days immediately preceding the filing of the case. *Dahlquist*, 34 B.R. at 486.

It is undisputed that the instant debtor is not a resident of South Dakota nor is South Dakota his domicile. The debtor has admitted that he has lived in Nebraska his entire life and has always considered Nebraska to be his permanent home. Consequently, debtor's case does not meet the venue requirements of Section 1408 based on domicile or residence.

The location of the debtor's principal assets and principal place of business is a question of fact. *Dahlquist*, 34 B.R. at 486. Several decisions define a debtor's principal place of business as the place where the debtor makes its major business decisions, regardless of the physical location of its assets. *Corco*, 596 F.2d at 1244, 1247; *In re Greenridge Apartments*, 13 B.R. 510 (Bankr.D.Haw.1981); *see Dahlquist*, 34 B.R. at 486.

In the instant case, the debtor has admitted that he has been farming in Nebraska since about 1941. Debtor has also admitted that he keeps all his books and records at his home in Nebraska and has always banked in Nebraska. This Court is convinced that the debtor makes his overall business and management decisions at his home in Hartington, Nebraska, and that most, if not all, of debtor's financing has originated in the State of Nebraska. Consequently, this Court concludes that the debtor's principal place of business is in Nebraska and, therefore, venue on that basis must lie in Nebraska and not in South Dakota.

As to the location of the debtor's principal assets, the record in the debtor's bankruptcy schedules firmly establishes that Mr. Pick's principal assets are exclusively and have always been exclusively located in the State of Nebraska. All of the debtor's real and personal property is located in the State of Nebraska. Thus, venue cannot be based in South Dakota on that basis.

Consequently, based on the foregoing factual analysis, this Court feels that the Bank has proven by a preponderance of the evidence that the debtor's domicile, residence, principal place of business, and principal assets are located in Nebraska rather than South Dakota, and, therefore, concludes that the venue in the instant case, under the provisions of 28 U.S.C. § 1408, presently lies in Nebraska and not South Dakota.

### Second Issue

■ As to the second issue, the Court holds that a bankruptcy court does not have the authority to retain a case filed in an improper venue. This is based on the following discussion.

Case law on the issue of whether a bankruptcy court is empowered to retain an improperly venued case provides little help. The authorities are split on this issue. 1 *Collier on Bankruptcy* ¶ 3.02[4][d][ii] (15th ed. 1988). Some courts have held that improperly venued cases may only be transferred or dismissed. *In re Townsend*, 84 B.R. 764 (Bankr.N.D.Fla.1988); *In re Greiner*, 45 B.R. 715 (Bankr.D.N.D.1985); *see In re Cunningham*, No. 88–4045, slip op. at 7 (D.S.D. Sept. 30, 1988) [1988 WL 148642]. Some have held that such cases may be retained. *In re Leonard*, 55 B.R. 106 (Bankr.D.D.C.1985); *In re Boeckman*, 54 B.R. 110 (Bankr.D.S.D.1985); *see Cunningham*, slip op. at 8. And at least one

court has held that such cases cannot be dismissed. *In re Monterey Equities–Hillside,* 73 B.R. 749 (Bankr.N.D.Cal.1987); *see Cunningham,* slip op. at 8.

The change of venue statute covering bankruptcy cases is 28 U.S.C. § 1412. Section 1412 provides the following language: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." [1] Section 1412 does not state that it applies to improperly venued bankruptcy cases. *Cunningham,* slip op. at 8.

28 U.S.C. § 1406(a) is the district court's change of venue statute, and it provides the following: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Note that, by its terms, 28 U.S.C. § 1406(a) applies only to improperly venued cases. *Cunningham,* slip op. at 9.

Prior to the adoption of Section 1412, Congress passed 28 U.S.C. § 1477, which was superseded by Section 1412 before it went into effect. *See Precon, Inc. v. JRS Realty Trust,* 45 B.R. 847 (D.Me.1985), *aff'd,* 787 F.2d 578 (1st Cir.1986); *In re Helm,* 48 B.R. 227 (Bankr.W.D.Ky.1985), *cited by Cunningham,* slip op. at 9. As enacted by the Bankruptcy Reform Act of 1978, Pub.L. 95–598 (1978), 28 U.S.C. § 1477 provided for retention or transfer of a case filed in an improper district. *See In re Townsend,* 84 B.R. at 766. Section 1477, therefore, differed from Section 1412 in that it only applied to improperly venued cases. *Cunningham,* slip op. at 9.

The Bankruptcy Rules also speak to change of venue. *Id.* Rule 1014(a)(1) provides for change of venue when venue is proper. *Id.* Rule 1014(a)(2) discusses change of venue from a court where venue is not proper. *Id.* Rule 1014(a)(2) provides the following:

If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

When Rule 1014 was amended to its present form in 1987, the advisory committee added a note. That note states:

Both paragraphs 1 and 2 of subdivision (a) are amended to conform to the standard for transfer in 28 U.S.C. § 1412. Formerly, 28 U.S.C. § 1477 authorized a court either to transfer or retain a case which had been commenced in a district where venue was improper. However, 28 U.S.C. § 1412, which supersedes 28 U.S.C. § 1477, authorizes only the transfer of a case. The rule is amended to delete the reference to retention of a case commenced in the improper district. Dismissal of a case commenced in the improper district as authorized by 28 U.S.C. § 1406 has been added to the rule.

Bankruptcy Rule 1014 (Advisory Committee Note 1987).

When Congress failed to enact Section 1477, Congress did not provide a specific statute dealing with improperly venued bankruptcy cases. *Cunningham,* slip op. at 10. This Court is convinced with the South Dakota District Court's rationale in *Cunningham,* which concluded that Section 1412 was not intended to apply to improperly venued bankruptcy cases at all. *Id.* Rather, Congress intended that improperly venued bankruptcy cases be treated under 28 U.S.C. § 1406(a), as are all other federal civil actions. *Id.*

This interpretation is consistent with Bankruptcy Rule 1014(a)(2) and its accompanying advisory committee note. *Id.* Rule 1014(a)(2) provides for transfer or dismissal because they are the two remedies authorized by Section 1406. *Id.* The rule dropped retention as a remedy when Section 1477 was not enacted. *Id.* Now there was no longer a specific statute allowing

---

**1.** The reference to district court in 28 U.S.C. § 1412 has generally been held to include a bankruptcy court's hearing the case on reference. *See In re Leonard,* 55 B.R. at 109.

bankruptcy courts to retain improperly venued cases. *Id.* Thus, the rules committee rewrote Rule 1014(a)(2), recognizing that in absence of Section 1477, Section 1406 applies to change of venue motions regarding improperly venued cases.

Since it is this Court's ruling that a bankruptcy court does not have the authority to retain an improperly venued case, the only issue left for determination is whether the case should be transferred or dismissed. This motion is for a transfer of Mr. Pick's case, therefore, dismissal will not be considered.

Accordingly, based on the foregoing, this Court will transfer the venue of this case to the District of Nebraska. Retention is not an option under the existing statutory scheme. This Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and 9014 and Fed.R.Civ.P. 52. Counsel for the Bank is directed to submit a proposed Order, consistent with the Court's Findings of Fact and Conclusions of Law and in accordance with Bankr.R.P. 9021, to the Clerk of this Court.