**In re Kandy R. PETRIE, Debtor.**

**Bankruptcy No. BK-S-91-3375-LBR.**

United States Bankruptcy Court,
D. Nevada.

June 18, 1992.

Michael K. McBeath, Bolick, McBeath & Tanner, Las Vegas, Nev., for debtor.

Grant Woods, Arizona Atty. Gen., Phoenix, Ariz., for Arizona Dept. of Revenue.

Leland E. Lutfy, Las Vegas, Nev., for U.S.

Rollin R. Thorley, Special Asst. U.S. Atty., IRS Dist. Counsel, Las Vegas, Nev., for IRS.

## OPINION REGARDING MOTION TO DISMISS OR TRANSFER VENUE

LINDA B. RIEGLE, Bankruptcy Judge.

### FACTS

On August 29, 1991, the Debtor, Kandy R. Petrie ("Debtor"), filed a Chapter 13 petition in the United States Bankruptcy Court for the District of Nevada. At the time the case was commenced and for at least 180 days prior thereto, the Debtor resided and was domiciled in Bullhead City, Arizona, but was employed as a casino dealer at the Golden Nugget Hotel and Casino in Laughlin, Nevada. Bullhead City, Arizona and Laughlin, Nevada are separated only by the Colorado River. Many Bullhead City residents work in Laughlin and many Laughlin workers reside in Bullhead City.

At the time of the commencement of this case, the principal assets of the Debtor, consisting of cash, furniture, clothing and shoes, were located in Bullhead City, Arizona. On the Debtor's schedules, she claims this property as exempt under Arizona law. The Debtor has listed five creditors in this case: the United States Internal Revenue Service ("IRS"), the Arizona Department of Revenue, a doctor in Lake Havasu City, Arizona, a bank in Kingman, Arizona, and a tax preparer in Las Vegas, Nevada.

The IRS has filed a Motion to Dismiss or Transfer Venue ("Motion"), arguing that venue of the case is not proper in Nevada pursuant to 28 U.S.C. § 1408. The IRS further argues that pursuant to 28 U.S.C. § 1406(a) and Bankruptcy Rule 1014, a bankruptcy court may not retain an improperly venued case. Instead, the court's only options are to either dismiss the case or transfer venue.

The Debtor has opposed the Motion, arguing that 28 U.S.C. § 1406 is inapplicable in bankruptcy cases and that the portion of Rule 1014 dealing with improperly venued bankruptcy cases is invalid. The Debtor contends that pursuant to 28 U.S.C. § 1412, a bankruptcy court is empowered to retain an improperly venued case. The Debtor further argues that Las Vegas, which is only approximately 95 miles from Bullhead City, is much more convenient to residents of Bullhead City than is either Phoenix or Prescott, Arizona, the two nearest cities in Arizona in which bankruptcy courts are located. According to the Debtor, Bullhead City is approximately 210 miles from Phoe-

nix and approximately 190 miles from Prescott.

The Arizona Department of Revenue ("Department") has joined in the IRS' Motion, asserting that there has been a tremendous increase in the number of bankruptcy filings by Arizona residents in the state of Nevada in recent years, especially in Chapter 13 cases. The Department submits that the reason for the large number of Chapter 13 filings by Arizona residents in Nevada is not convenience, but forum shopping.

Oral argument on the Motion was held on February 12, 1992, at which time the Court took the matter under submission. For the following reasons, the Court agrees with the IRS that venue of this case is not proper in Nevada and that a bankruptcy court may not retain an improperly venued case over the objection of a party in interest.

## LEGAL DISCUSSION

### A. *Whether Venue is Proper.*

■ The provisions regarding the venue of bankruptcy cases are contained in 28 U.S.C. § 1408. That section provides in relevant part:

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of the case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

(2) in which there is a pending case under title 11 concerning such person's affiliate, general partner or partnership.

28 U.S.C. § 1408. Here, as set forth above, during the 180 days preceding the commencement of this case, the Debtor was domiciled and resided in the state of Arizona. Arizona was also the location of the Debtor's principal assets during this time period.

The Debtor's only possible connection with Nevada for venue purposes is her employment with the Golden Nugget Hotel and Casino in Laughlin, Nevada. This, however, is not sufficient for purposes of 28 U.S.C. § 1408. It is well-settled that the term "place of business" contained in § 1408 does not refer to a salaried individual debtor's place of employment. *See, e.g., Barnes v. Whelan,* 689 F.2d 193, 203–205 (D.C.Cir.1982); *In re Oliver,* 111 B.R. 540, 544 (Bankr.D.Md.1989); *In re Canavos,* 108 B.R. 55, 57–58 (Bankr.E.D.Pa.1989); *In re Vann,* 3 B.R. 192, 193–194 (Bankr. E.D.Pa.1980). Moreover, future earnings of the debtor do not qualify as "principal assets" for venue purposes. *Barnes,* 689 F.2d at 205; *Vann,* 3 B.R. at 194.

Accordingly, it is clear that under the standards of § 1408, venue of the instant case is not proper in the District of Nevada.

### B. *Whether a Bankruptcy Court Can Retain an Improperly Venued Case.*

The next issue before the Court is whether a bankruptcy court can retain an improperly venued case over the objection of a party in interest, or whether it may only dismiss or transfer the case. There is a split of authority on this issue, the majority of cases holding that a bankruptcy court must either dismiss or transfer an improperly venued case. *See, e.g., ICMR, Inc. v. Tri–City Foods, Inc.,* 100 B.R. 51, 54 (D.Kan.1989); *In re Sporting Club at Illinois Center,* 132 B.R. 792, 799 (Bankr. N.D.Ga.1991); *In re Pick,* 95 B.R. 712, 716 (Bankr.D.S.D.1989); *In re Townsend,* 84 B.R. 764, 767 (Bankr.N.D.Fla.1988); *In re Greiner,* 45 B.R. 715 (Bankr.D.N.D.1985). *Contra In re Lazaro,* 128 B.R. 168 (Bankr. W.D.Tex.1991); *In re Leonard,* 55 B.R. 106

(Bankr.D.C.1985); *In re Boeckman*, 54 B.R. 110 (Bankr.D.S.D.1985). This Court believes that the better view is the majority view—that a bankruptcy court cannot retain an improperly venued case over the objection of a party in interest.

Section 1412 of Title 28 of the U.S.Code governs the change of venue of bankruptcy cases. It provides:

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1412. "As is evident, this statute does not expressly address cases in which venue is improper." *Sporting Club*, 132 B.R. at 798 (citing *Pick*, 95 B.R. at 715). Bankruptcy Rule 1014(a)(2), however, does specifically address improperly venued cases. It provides:

(2) Cases Filed in an Improper District. If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States Trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Bankruptcy Rule 1014(a)(2). Section 1406 of Title 28, while not expressly made applicable to bankruptcy cases and proceedings, also deals with the transfer of improperly venued cases. That statute provides:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). The 1987 Advisory Committee note to Bankruptcy Rule 1014 contains a specific reference to § 1406:

Both paragraphs 1 and 2 of subdivision (a) are amended to conform to the standard for transfer in 28 U.S.C. § 1412. Formerly, 28 U.S.C. § 1477 authorized a court either to transfer or retain a case which had been commenced in a district

where venue was improper. However, 28 U.S.C. § 1412, which supersedes 28 U.S.C. § 1477, authorizes only the transfer of a case. *The rule is amended to delete the reference to retention of a case commenced in the improper district. Dismissal of a case commenced in the improper district as authorized by 28 U.S.C. § 1406 has been added to the rule.* If a timely motion to dismiss for improper venue is not filed, the right to object to venue is waived.

Advisory Committee Note (1987) to Bankruptcy Rule 1014 (emphasis added). Thus it is clear that the drafters of the 1987 amendment to Rule 1014 believed that § 1406 governs when a bankruptcy case is improperly venued.

As noted by the court in *Sporting Club*, "[s]ection 1477(a), which was superseded by § 1412, was similar to current § 1412, except that it was expressly applied to improperly venued cases." *Sporting Club*, 132 B.R. at 798. "Thus, when § 1477 was not enacted, there was no statute which dealt specifically with improperly venued cases." *Id.* (citing *Pick*, 95 B.R. at 715). This Court agrees with the courts in *Sporting Club* and *Pick* that when Congress failed to enact § 1477, it was Congress' intent that improperly venued bankruptcy cases "be treated the same as all other federal civil actions under § 1406, and that upon the motion of a party in interest, the case must either be dismissed or transferred." *Sporting Club*, 132 B.R. at 798–799 (citing *Pick*, 95 B.R. at 715). *Cf. In re Hall, Bayoutree Associates, Ltd.*, 939 F.2d 802, 804 (9th Cir.1991) (noting that Bankruptcy Rule 1014(a)(2) "is modeled after 28 U.S.C. § 1406(a)"). "This interpretation is consistent with Bankruptcy Rule 1014(a)(2) and its accompanying advisory committee note." *Pick*, 95 B.R. at 715.

Because it does no violence to § 1412 to read § 1406 to apply in a situation where a bankruptcy case is improperly venued, this Court sees no reason to go as far as the *Lazaro* court and hold that the drafters of Rule 1014 "mistakenly presumed" that § 1406 is applicable in bankruptcy cases, and that the rule is invalid insofar as it

goes beyond the scope of its enabling statute. Indeed, where two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1018, 104 S.Ct. 2862, 2880–81, 81 L.Ed.2d 815 (1984); *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 155, 96 S.Ct. 1989, 1993–94, 48 L.Ed.2d 540 (1976); *SDC Development Corp. v. Mathews*, 542 F.2d 1116, 1120 (9th Cir. 1976).

For the foregoing reasons, this Court holds that it may not retain an improperly venued bankruptcy case over the objection of a party in interest. This Court recognizes, however, that on occasion, quirks of geography, such as are present in this and the *Lazaro* case, make it necessary for a case to be heard in the closest court, even if that court is in another state. The statutory scheme does not ignore this problem. Rather, it merely recognizes that it is the role of the "home" court to make that determination pursuant to 28 U.S.C. § 1412.

Accordingly, by separate order, the Motion of the IRS will be granted and the Court will transfer venue of this bankruptcy case to the United States Bankruptcy Court for the District of Arizona.