**In re Eugene D. MICCI, Debtor.**

**Eugene D. MICCI, Appellant,**

v.

**BANK OF NEW HAVEN, Appellee.**

**No. 95–6691–CIV.**

United States District Court,
S.D. Florida.

Nov. 7, 1995.

D. Howard DuBosar, DuBosar & Davidson, P.A., Boca Raton, FL, for appellant.

Nancy W. Gregoire, Andrew D. Zaron, and Lance H. Baker, Ruden, McCloskey, Smith, Schuster & Russell, P.A., Fort Lauderdale, FL, for appellee.

Marika Tolz, Trustee, L. Joseph Hoffman, Robert W. Lee, Assistant U.S. Trustees.

### ORDER DENYING APPELLANT'S MOTION FOR STAY PENDING APPEAL AND AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING MOTION TO TRANSFER VENUE

ARONOVITZ, District Judge.

THIS CAUSE came before the Court upon Appellant's Motion For Stay Pending Appeal. Because the parties' briefs have all been filed, and the parties have not requested oral argument on the merits of this appeal, this Court shall consider Appellant's Motion which was before this Court at a hearing held on October 24, 1995, and proceed to rule on the merits of the appeal.

### *Factual and Procedural Background*

Eugene D. Micci, the debtor in this Chapter 7 bankruptcy case, has appealed the bankruptcy court's Order granting Appellee's Motion to Transfer Venue from the Southern District of Florida to the District of Connecticut. One month after Micci filed his Notice of Appeal, Appellee Bank of New Haven, located in Connecticut, filed a Motion in the bankruptcy court for the Southern District of Florida to Transfer the Case File. The

bankruptcy court found that it lacked jurisdiction to grant the bank's Motion because of the pending appeal, and on that basis denied Appellee's Motion, and its Motion for Reconsideration. It has been represented to this Court that Appellant Micci was directed by the bankruptcy court to request a stay pending appeal from this Court to stay the transfer of the case file to the District of Connecticut.

The pending Motion and the merits of this appeal are based on the following facts: On February 24, 1995, a Chapter 7 bankruptcy petition was filed by Mr. Micci in the Southern District of Florida. Based on his own testimony, the debtor was in Florida for only one week during the six months prior to filing this case. Micci's time spent in Florida was sporadic, varying between three or four months to three or four weeks a year. Appellant owns a condominium in Broward County, which is not his primary residence. Micci states that he intends to reside permanently in that condominium at the conclusion of the bankruptcy proceeding. Micci's only secured creditor in Florida holds the mortgage on his Florida condominium. He had no unsecured creditors in Florida. Micci's records are located in Connecticut, where he resided and practiced law when he filed his bankruptcy case in the Southern District of Florida. Appellant is not certified to practice law in Florida to pursue his profession in this State.

### Motion for Stay Pending Appeal

■ Rule 8005 and Rule 7062 of the Rules of Bankruptcy Procedure, pertaining to a stay as of right upon posting reasonable bond, and discretionary stay, are applicable to Appellant's Motion before this Court. For purposes of a stay in an appeal of an order transferring venue, a discretionary stay may be granted based on an analysis of the following factors: (1) likelihood of success on the merits; (2) irreparable injury to Appellant if the stay is not granted; (3) substantial harm to Appellee if the stay is granted; and (4) whether the public interest is served.

The most significant of the factors for a stay in this case is the likelihood of success on the merits by Appellant in showing that the bankruptcy court erred in granting Appellee's Motion to Transfer Venue from the Southern District of Florida to the District of Connecticut. Appellant focuses on the facts of his ownership of a condominium in this district, as well as there being no showing of inconvenience by the Bank of New Haven or that the interest of justice will be served, as a basis for his argument that he would likely succeed on the merits.

■ This court has considered the issue of likelihood of success on the merits by reference to the fifteen (15) factors listed by the bankruptcy court in its Order Granting Motion to Transfer Venue to District of Connecticut. These uncontested facts more than amply support the conclusion that the debtor's residence is located in Connecticut, and that the Southern District of Florida is the improper venue. Therefore, the bankruptcy court did not abuse its discretion in transferring this case to the district where the debtor resides, has his assets, and where a substantial number of his creditors are located to facilitate their participation in the bankruptcy proceeding. The facts in evidence are based on the debtor's sworn schedules and his admissions before the bankruptcy court. Under 28 U.S.C. § 1408, the court determines the proper venue by reference to facts existing during the 180 days prior to the commencement of the case to determine the district of the debtor's residence, domicile, principal place of business, or location of the person's principal assets. *See In re Frame,* 120 B.R. 718 (Bankr.S.D.N.Y.1990).

Two options are made explicit under 28 U.S.C. § 1406(a) and Rule 1014(a)(2) of the Rules of Bankruptcy Procedure: to dismiss or transfer a case filed in an improper district, not to retain the case. The Rule, as amended in 1987, deleted the option of retaining a case commenced in an improper district, in accordance with 28 U.S.C. § 1406(a). Appellant does not present any compelling argument that the bankruptcy court erred in finding that the Southern District of Florida is an improper venue for filing this case, or that it is in the interest of justice or for the convenience of the parties that the bankruptcy court should retain jurisdiction in this district. *See In re Leonard,* 55

B.R. 106, 110–11 (Bankr.D.C.1985), where debtor showed compelling reasons for retaining case, and movant provided no reasons to support convenience of the parties or interest of justice to transfer.

■ The bankruptcy court considered the factors of the interest of justice and the convenience of the parties in determining whether to dismiss the case or transfer the case to Connecticut. The proximity of the creditors, the debtor, and witnesses, as well as the location of the assets and the economic and efficient administration of the estate were properly taken into account. *See In re The Sporting Club at Illinois Center*, 132 B.R. 792, 799 (Bankr.N.D.Ga.1991).

For the foregoing reasons, this Court finds that Appellant has not established the first factor of likelihood of success on the merits. Weighing this factor and the other three factors, and considering the impact of whether to grant or deny a stay pending appeal, this Court concludes that no basis has been shown by Appellant for granting the stay pending appeal.

### Review of the Merits of Appeal Based on the Parties' Briefs

The issue in this appeal is reviewed as to whether the bankruptcy court abused its discretion in granting the Motion to Transfer Venue. *See, e.g., In re Finley, Kumble, Wagner, et al.*, 149 B.R. 365, 368 (Bankr. S.D.N.Y.1993). The issues of law are subject to *de novo* review by this Court. *See In re Haas*, 48 F.3d 1153, 1155 (11th Cir.1995).

■ This Court has determined that the reasons relied upon by the bankruptcy court to grant the bank's Motion are well-supported in the record, clearly demonstrating that this case was filed by Micci in an improper venue, and that the interest of justice and the convenience of the parties would be served by transferring the case to Connecticut: Micci's residence and domicile are in Connecticut; the unsecured debt is held primarily by creditors in Connecticut; Micci's major assets are in Connecticut; and Micci practices his profession and maintains his records and bank accounts in Connecticut.

■ Assuming the applicability of 28 U.S.C. § 1406(a) to a case filed in bankruptcy court, the bankruptcy court's alternative to transfer was to dismiss the case. Section 1406(a) provides that:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The language of Bankruptcy Rule 1014(a)(2) provides only two options: that the case may be dismissed or transferred. The option of retaining a case filed in an improper venue is not provided for in the Rule, and was deleted from the prior version of the Rule. *In re Townsend*, 84 B.R. 764 (Bankr. N.D.Fla.1988) presents the majority view that a case filed in an improper venue must either be dismissed or transferred. This court notes that there is a split of authority concerning this interpretation.

Under another provision, Rule 1014(a)(1), retention of a case filed in the proper venue is presumed under the Rule. Also, a case filed in the proper venue may be transferred to an improper venue for the convenience of the parties and in the interest of justice. Pursuant to 28 U.S.C. § 1412, a case under title 11 may be transferred from one district to a court in another district.

Appellant relies, in part, on cases decided under 28 U.S.C. § 1477, which **explicitly provided for retention** of the case, and has now been repealed. The authority of such cases applying a repealed statute does not convince this Court that reversal of the bankruptcy court's Order To Transfer Venue is mandated. *See Townsend*, 84 B.R. at 766–67.

The Advisory Committee Note to the 1987 amendment of Rule 1014(a)(2), explains the effect of the deletion of the language for retaining jurisdiction. The Note provides a strong basis to reject the reasoning of the courts which have adopted the minority view on retention of cases filed in an improper venue.

Under the alternative construction of the applicable statute and Rule, the language,

may dismiss or transfer, is interpreted as permissive, rather than mandatory, on the issue of transferring a case filed in an improper venue. However, under either interpretation, the bank prevails on this issue on appeal, having met its burden in the bankruptcy court on its Motion to Transfer Venue, based on the convenience of the parties and the interest of justice.

After carefully reviewing the record, this Court finds that there was a lack of proof by the debtor, in the documents filed in the case or otherwise, to support his position in opposition to the bank's Motion to Transfer Venue; Appellee, as movant, supported its Motion with more than adequate proof to meet its burden, both from the record and the debtor's admissions. *See In re Manville Forest Products Corp.*, 896 F.2d 1384, 1390 (2d Cir.1990).

Appellant asserts that the bankruptcy court failed to conduct an evidentiary hearing on this matter. It is undisputed that, on the bankruptcy court's motion calendar, a hearing was held at which each side made proffers based on facts in the record, and argued based on these undisputed facts sufficiently to enable the bankruptcy court to determine the issues of interest of justice and convenience of the parties. The debtor remained in Connecticut, and did not attend the hearing in the Southern District of Florida, giving a clear indication to the bankruptcy court of some degree of difficulty on Micci's part to proceed in this district.

Having considered the weight of the bank's evidence and the failure of the debtor to support his position to retain the case in the Florida forum, this Court concludes that the bankruptcy court did not abuse its discretion in granting the bank's request to transfer Micci's bankruptcy case to Connecticut.

## CONCLUSION

THE COURT has considered the Motion, Appellee's Memorandum in Opposition to the Motion, arguments at a hearing held before this Court, the briefs, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is determined that: Appellant has failed to satisfy all four factors required to support the Motion for Stay Pending Appeal; and Appellee presented sufficient evidence before the bankruptcy court to support its Motion to Transfer to the District of Connecticut, pursuant to 28 U.S.C. § 1406 and Rule 1014(a)(2), as the bank's evidence was undisputed, and the bankruptcy court did not abuse its discretion to order that the case be transferred to the District of Connecticut.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

(1) the Motion for Stay Pending Appeal, filed by Appellant Micci, be and the same is hereby **DENIED**;

(2) the bankruptcy court's Order Granting Motion to Transfer Venue to District of Connecticut, dated May 7, 1995, is hereby **AFFIRMED**.

(3) all pending motions are hereby **DENIED** as **MOOT**.

DONE AND ORDERED.