**In re Jerome Thomas BOECKMAN and Zeta Marie Boeckman, d/b/a/ Farmers.**

**Bankruptcy No. 485–00054.**

United States Bankruptcy Court,
D. South Dakota.

Oct. 29, 1985.

Mr. Stuart L. Tiede, Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, S.D., for movant Federal Land Bank of Omaha.

John Harmelink, Yankton, S.D., for debtors/respondents Jerome Thomas Boeckman and Zeta Marie Boeckman.

Michael E. Ridgway, Brady, Kabeiseman, Reade and Johnson, Yankton, S.D., for respondent Yankton Production Credit Ass'n.

PEDER K. ECKER, Bankruptcy Judge.

This case is before the Court on an objection to venue and a motion to transfer the case to the District of Nebraska filed on behalf of the Federal Land Bank of Omaha, Hartington, Nebraska. An expedited hearing on the matter was held March 27, 1985, in Sioux Falls, South Dakota. The Court took the matter under advisement and requested briefs from the parties. The issues are: (1) whether this Court has the authority under the 1984 Bankruptcy Amendments to retain a case filed in an improper venue in the interest of justice and for the convenience of the parties; and, if so, (2) whether it would be in the interest of justice and more convenient for the parties for the Court to retain this case.

The debtors operate farming, ranching, milking, and trucking enterprises just south of the South Dakota border near Wynot, Nebraska. The debtors' principal assets are located there. Wynot, Nebraska, is approximately 102 miles from Sioux Falls, South Dakota, and 145 miles from Omaha, Nebraska, the court location of proper venue. The major creditor in the case, the Yankton Production Credit Association, is located in South Dakota and is closer to Sioux Falls than to Omaha. It appears that most of the hearings in the case will involve the Production Credit Association. The Federal Land Bank, the objecting creditor, and Pietz GMC are located in Hartington, Nebraska, which is 35 miles closer to Sioux Falls than to Omaha. Other creditors include Pfister Estate, c/o Munson & Gubbels of Laurel, Nebraska, which is the same distance from both court points, and Irene Olson and American Agrisurance, which are both closer to Omaha than to Sioux Falls. Only the Federal Land Bank has objected to venue.

After careful consideration of all the files, briefs, and arguments of counsel, this Court will retain the instant case in the interest of justice and for the convenience of the parties.

The parties agree that Nebraska is the place of the debtors' residence and domicile. Most or all of the assets are located there. Although the debtors conduct business outside of Nebraska, from the facts as presented, their principal place of business would have to be considered Nebraska.

Therefore, according to 28 U.S.C. § 1408(1), the District of Nebraska is the proper venue.

Section 1412 of Title 28, which was added by the 1984 Amendments, provides:

"A district court may transfer a case ... under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

Unlike former Section 1477(a), which provided that the bankruptcy court in which a case had been improperly filed could retain or transfer the case, the current statute is silent in that respect. Counsel for the objecting creditor in this case, the Federal Land Bank, argues that by deleting language formerly included in Section 1477 allowing retention of an improperly venued case, Congress intended to eliminate that option. This Court cannot agree.

First, the permissive language used in Section 1412 militates against such a conclusion. It merely says that a district court "may" transfer a case to another district; it does not say it must transfer the case, nor does it say that if the court determines not to transfer the case, that it must dismiss the case.

Second, even if the court in the district in which the case is filed decides to transfer the case, the statute does not mandate that the transfer be to the district wherein proper venue should originally lie. It merely says "to a district court for another district."

Third, the wording of the statute indicates that the basis for the transfer should be "in the interest of justice or for the convenience of the parties." It seems logical that if a transfer is not in the interest of justice or for the convenience of the parties, the court may also decide not to transfer the case. Some commentators have even speculated that the use of the disjunctive "or" in Section 1412 rather than the conjunctive "and" used in former Section 1477 implies that a somewhat lesser standard may be applied under Section 1412. 1 *Collier on Bankruptcy* § 3.02 (15th ed. rev. 1985).

Fourth, the intent of the Bankruptcy Code is to give a debtor an opportunity for a fresh start. Although this Court does not intend to encourage forum shopping, it would be inconsistent with that fresh start policy for this Court to require the case to be transferred to Nebraska and to make the debtors move for a change of venue there, with essentially a repetition of all the arguments already presented to this Court. Such paper shuffling with added expense to the debtor can not have been Congress's intent.

Finally, this Court could find nothing in the legislative history of the new amendments that would dictate a contrary result. The cases cited by the Federal Land Bank in support of its position are also distinguishable from the instant case. *In re Greiner*, 45 B.R. 715, 12 B.C.D. 820 (Bkrtcy.D.N.D.1985), involved an adversary proceeding by the trustee seeking recovery of a preference in the amount of $228.00. Section 1409, which was added by the 1984 Amendments, contains a mandatory exception for the venue of proceedings involving the recovery of small claims by the trustee. Subsection (b) of the statute states that suits to recover property or a money judgment worth less than $1,000, or less than $5,000 if a consumer debt, may be commenced *only* in the district court for the district in which the defendant resides. This is an entirely different set of circumstances, and the statutes are not silent, but are explicit, with regard to where the proceeding is to be venued. Despite retention of the instant case, this Court would likewise dismiss an adversary proceeding under those circumstances because venue under Section 1409 is not permissive. *In re Moody*, 46 B.R. 231 (D.C.M.D.N.C.1985), did not analyze the issue involved in the instant case. That court considered only the standards for transfer and concluded they had not changed under the 1984 Amendments.

Therefore, on the facts as presented herein, this Court will not transfer the case but will retain it in the interest of justice and for the convenience of the parties.

The above and foregoing letter decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ. P. 52. Counsel for the respondents are directed to submit a proposed Order and Judgment, consistent with the Court's Findings of Fact and Conclusions of Law and in accordance with Bankr.R.P. 9021, to the Clerk of this Court.