**In re GREAT LAKES HOTEL ASSOCIATES, a Pennsylvania Limited Partnership, t/a Holiday Inn Jamestown, t/a Holiday Inn Erie South t/a Holiday Inn Erie Downtown f/t/a Holiday Inn Erie North, Fed. ID No. 54–129, Debtor.**

**No. 4:92cv97.**

United States District Court,
E.D. Virginia,
Newport News Division.

Oct. 30, 1992.

Richard Wilson Hudgins, Newport News, VA, for Great Lakes Hotel Associates, etc.

Joseph Massie Durant, Patten, Wornom & Watkins, Newport News, VA, for Dominion Bank, N.A.

James Jeffrey Knicely, Knicely & Cotorceanu, Williamsburg, VA, for Northwest Sav. Bank.

### OPINION AND ORDER

MORGAN, District Judge.

This matter came before the Court on October 1, 1992. The Bankruptcy Court had entered an Order on June 24, 1992 denying creditor Northwest Savings Bank's [hereinafter "Northwest"] Motion to Dismiss or Transfer Venue. The Bankruptcy Court subsequently issued an Order Denying Reconsideration of that decision. Northwest filed a Notice of Appeal, and Creditor Dominion Bank, National Association [hereinafter "Dominion"] filed a Notice Of Cross Appeal to the District Court for

the Eastern District of Virginia. Pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction to hear appeals from final decisions of the Bankruptcy Court for the Eastern District of Virginia. The decision of a court sitting in bankruptcy which fixes venue in a particular district is a final decision. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1009–10 (4th Cir.), *cert. denied Piccinin v. A.H. Robins Co.*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). Therefore, this Court has jurisdiction to hear the appeal.

## FACTS

On May 22, 1992, Great Lakes Hotel Associates [hereinafter "Great Lakes"], a Pennsylvania limited partnership, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia. The Debtor owns three hotels. Two are in the Erie, Pennsylvania area, and one is sixty miles away in Jamestown, New York. Virtually all of Great Lakes' assets and most of its creditors are located in that region of northern Pennsylvania and southern New York. Victor A. Zodda, the sole general partner of Great Lakes, and many of the limited partners are residents of Virginia. Victor Management Company, the hotel management company which handles the affairs of Great Lakes is located in Newport News, Virginia.

After hearing evidence and arguments of counsel for a variety of interested parties at Norfolk, Virginia on June 10, 1992, the Bankruptcy Court made the following findings with regard to the proper venue for the Great Lakes Chapter 11 proceeding: (1) Great Lakes' principal place of business is Erie, Pennsylvania, (2) the debtor had recently prepared documents which declared the principal place of business to be in Erie, (3) the "actual operations" are conducted in the Erie–Jamestown area, (4) the "basic [business] decisions" are made at the management company in Newport News, Virginia, (5) the records of the debtor are maintained in Virginia, (6) any plan for reorganization would be made in Virginia, (7) the "nerve center" is located in Virginia, (8) that the analysis of proximity of creditors, debtors and witnesses favored neither Virginia nor Newport News, and (9) Great Lakes' assets are chiefly located in the Erie–Jamestown area. Transcript of Proceedings at 90–93 (June 10, 1992). Based on the above, the Bankruptcy Court held that, since the principal place of business was in Erie, Pennsylvania, venue was improper in Newport News under 28 U.S.C. § 1408. The Court went on to hold that though venue was improper, it would retain the case in the Eastern District of Virginia "in the interest of justice and for the convenience of the parties." Transcript of Proceedings at p. 94.

## DISCUSSION

A bankruptcy proceeding "may be commenced in the district court for the district in which the domicile, residence, principal place of business in the United States, or principal assets in the United States ... have been located" for six months prior to the institution of the action. 28 U.S.C.S. § 1408(1) (1988).[1] The Bankruptcy Court specifically stated that domicile, residence, and location of the assets all indicated that venue was improper in Newport News. Having held that Great Lakes' principal place of business was Erie, Pennsylvania, and there being no other basis for finding venue, Section 1408 dictated that Erie was a proper venue and Newport News was an improper venue.

The principal dispute on this appeal is whether the Bankruptcy Court in Newport News was correct in retaining jurisdiction over this proceeding. As identified by the parties to this appeal, this question is answered by reference to two issues: (1) Where a party to a bankruptcy proceeding objects to venue, may a court retain jurisdiction after finding that the district in which the matter lies is an improper venue? (2) What is the appropriate standard of

---

**1.** The Bankruptcy Court has jurisdiction over bankruptcy cases pursuant to the statutory authority granted in 28 U.S.C. § 157, which en ables the district court to refer all such cases to a statutory bankruptcy court for that district.

review to be applied to the decision in this case, and has the Bankruptcy Court committed reversible error in reaching the decision announced in its Order of June 24, 1992? For the reasons which follow, this Court FINDS that there is no discretion to retain a case which has been brought in a district which is an improper venue. The Bankruptcy Court found that Erie, Pennsylvania is Great Lakes' principal place of business. Since this Court FINDS that this conclusion is not clearly erroneous, the case must be transferred to the Western District of Pennsylvania.

*A. Discretion to Retain a Case in an Improper Venue*

■ The issue of whether a court has the discretion to retain a case which has been laid in an improper venue is one of statutory interpretation. It is, therefore, a question of law and this Court must review the decision *de novo*. Under the former statutory scheme relating to bankruptcy venue, the bankruptcy court would have had the discretion to retain an improperly venued case. 28 U.S.C. § 1477 provided that

> The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong ... district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under Section 1475 of this Title, such case or proceeding to any other district or division.

However, Congress repealed Section 1477 in 1984 [hereinafter referred to as "the 1984 Act"].

After the 1984 Act (which was passed in response to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (finding the statutory grant of jurisdiction to Article I bankruptcy courts to be unconstitutionally broad), there were essentially four statutory sections which might impact the authority of a court to retain jurisdiction over a case laying in a district which was

an improper venue. 28 U.S.C. § 1408 specifies the bases for proper venue in a Chapter 11 proceeding, 28 U.S.C. § 1412 provides the standards for a court to change venue in a Chapter 11 proceeding, 28 U.S.C. § 1404 specifies a like standard for change of venue in district courts generally (not Chapter 11 specific), and 28 U.S.C. § 1406 specifies the options of a district court to cure improper venue upon the motion of a party.

The Federal Rules of Bankruptcy Procedure provide only for dismissal or transfer of cases brought in a district which is not a proper venue. Fed.R.Bankr.P. 1014(a)(2). The Advisory Committee Notes to the 1987 Amendments which enacted this change expressly state this limitation.

> Formerly, 28 U.S.C. § 1477 authorized a court either to transfer or retain a case which had been commenced in a district where venue was improper. However, 28 U.S.C. § 1412, which supersedes 28 U.S.C. § 1477, authorizes only the transfer of a case. The rule is amended to delete the reference to retention of a case commenced in the improper district.[2]

Thus, the Advisory Committee bases its reasoning on the premise that the Section 1412 provisions for change of venue in bankruptcy is the sole source of such authority.

■ It would also appear that the general venue provisions of Section 1406 would limit, by implication, the authority of a district court in the bankruptcy context.

> § 1406 Cure of waiver of defects
>
> (a) The district court in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
>
> (b) Nothing in this Chapter ... shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.
>
> ...

**2.** 28 U.S.C. § 1412 reads: "A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

28 U.S.C.S. § 1406 (1988). To the extent a case is covered by Section 1406, a court which has found that its district is an improper venue has no option to retain jurisdiction.

■ Given that the 1984 Act, which struck all references to retention in the bankruptcy context, was a response to the overly broad jurisdiction of bankruptcy courts, it is unlikely that Congress intended to maintain an expanded bankruptcy jurisdiction (which would usually be exercised by Article I courts) by letting such courts retain cases brought in an improper venue. It is clear that no district court could do so in a diversity action. Thus, Section 1406 and the repeal of former Section 1477 may be read to provide that a district court, or its corresponding bankruptcy court, has only two options upon finding that a case has been laid in an improper venue.

Though Dominion has cited one case to the contrary (*In re Lazaro*, 128 B.R. 168 (Bkrtcy.W.D.Tex.1991), this Court FINDS that the Bankruptcy Court in Newport News did not have the authority to retain a case if Newport News was an improper venue.

*B. Review of the Bankruptcy Court determination that Newport News was an improper venue.*

■ The Bankruptcy Court found that Newport News was an improper venue. *In re Great Lakes Hotel Associates*, No. 92–41103–B (Bkrtcy.E.D.Va. filed Aug. 5, 1992) (order retaining jurisdiction over motion to change venue). If this ruling is not reversible error on the part of the Bankruptcy Court, then the case must either be dismissed or transferred to a proper venue. 28 U.S.C.S. § 1412 (1988); Fed.R.Bankr.P. 1014.

■ It is first necessary to determine the appropriate standard of review this Court must apply to the Bankruptcy Court's findings regarding venue. As discussed above, venue may only be based on domicile, residence, principal place of business, or the location of principal assets. There is no dispute on appeal as to the Bankruptcy Court's determination regarding domicile, residence and location of assets. Dominion Bank contends that the Bankruptcy Court erred in its finding that Great Lakes' principal place of business was in Erie, Pennsylvania. There is virtual consensus on the fact that the determination of a debtor's principal place of business is a question of fact. *Matter of Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1245 (5th Cir.1979), *cert. denied Puerto Rico v. Commonwealth Oil Refining Co.*, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980) (citing *Dryden v. Ranger Refining & Pipe Line Co.*, 280 F. 257 (5th Cir.), *cert. denied*, 260 U.S. 726, 43 S.Ct. 89, 67 L.Ed. 483 (1922); *Continental Coal Corp. v. Roszelle Bros.*, 242 F. 243 (6th Cir.1917); *Shearin v. Cortez Oil Co.*, 92 F.2d 855 (5th Cir.1937); *Burdick v. Dillon*, 144 F. 737 (1st Cir.1906)). *See also In re Landmark Capital Co.*, 20 B.R. 220, 223 (S.D.N.Y.1982); *In re Standard Tank Cleaning Corp.*, 133 B.R. 562 (Bankr. E.D.N.Y.1991); *In re Oklahoma City Associates*, 98 B.R. 194, 197 (Bankr.E.D.Pa. 1989); *In re Willows Ltd. Partnership*, 87 B.R. 684 (Bankr.S.D.Ala.1988); *In re Dock of the Bay, Inc.*, 24 B.R. 811, 814 (Bankr. E.D.N.Y.1982). Therefore the determination of the principal place of business is a question of fact, and the district court should only disturb the factual findings of a Bankruptcy Court which are clearly erroneous. Fed.R.Bankr.P. 8013.

In its cross appeal, Dominion asserts that the Bankruptcy Court's finding that Erie, Pennsylvania was Great Lakes' principal place of business should be overturned. Dominion rests its argument primarily on the contention that, having found Newport News to be the "nerve center" of Great Lakes, the finding that Erie was, nonetheless, the principal place of business was a misapplication of the law. Were this the case, this Court would review *de novo*, the conclusion that a debtor's nerve center is not its principal place of business. *In re Chateaugay Corp.*, 104 B.R. 637 (S.D.N.Y. 1989); *In re Tesmetges*, 47 B.R. 385, 388 (E.D.N.Y.1984).

The distinction between legal and factual issues is a potentially confusing exercise.

Dominion would ask this Court to find that the Bankruptcy Court's finding that Newport News is the nerve center was a factual matter, and that its finding that Erie was the principal place of business is a legal question. If "nerve center" were recognized as being legally equivalent to "principal place of business," Dominion's position might prevail. This is not the case, however.

 The nerve center analysis centers around the place where the major business decisions are made. *In re Vienna Park Properties*, 120 B.R. 320, 327 (Bankr. S.D.N.Y.1990), *vacated on other grounds*, 125 B.R. 84 (S.D.N.Y.1991). If this constituted a stand-alone test for venue, any situs of a partnership's executive offices (which could be a corner of a general partner's living room in a town located on the other side of the country from the assets and direct management) would be *the* principal place of business. Though such a result may be more acceptable in the bankruptcy context,[3] this Court FINDS that a determination of the "nerve center" does not *de facto* resolve the question of "principal place of business." *See also Lakeside Utilities*, 18 B.R. 115 (Bankr.D.Neb.1982). It cannot be said that there are no set of facts which would compel a court to declare a debtor's principal place of business away from the place where major business decisions are made. For example, there are organizations in which nothing more than the major, strategic decisions are made at the executive offices. This would leave week to week management, short term financial arrangements, payroll management, and significant contracting authority occurring at the place the business is conducted. Thus, there are scenarios in which, having found the nerve center to be in one location, a court might still find extenuating facts regarding other aspects of the operation than decision-making which compel a finding that the "principal place of business" lies elsewhere.

 The Bankruptcy Court in *Matter of Lakeside Utilities*, 18 B.R. 115 (Bankr. D.Neb.1982), stated that no absolute test should be applied to determine the principal place of business. "As a general rule, however, neither the nerve center theory nor [other tests] should be used to the exclusion of the other. Rather, the [Eighth Circuit] suggests that the principal place of business must be based on circumstances of each individual case." *Id.* at 116. This broad statement by the *Lakeside* court has been criticized on the basis that the precedent relied upon was addressing venue in the diversity context, not bankruptcy. *In re Baltimore Food Systems, Inc.*, 71 B.R. 795, 800–01 (Bankr.D.S.C.1986). Though the rationale in determining a principal place of business in bankruptcy cases differs from that in diversity cases (see note 3), it is not so different as to warrant removing from a court's purview considerations which, though they are not within the "nerve center" test, still address the policy concerns underlying a determination of proper venue.

In the case at bar, the Bankruptcy Court considered the decision making process and location of Great Lakes' records to weigh in favor of finding the nerve center to be located in Newport News. The Court went on to note that the recent and repeated declarations by Great Lakes (presumably at the direction of the decision-makers) that Erie, Pennsylvania was the principal place of business was significant in the court's finding that, for the purposes of determining venue, Erie was proper and Newport News was not. *See In re Hudson River Navigation Corp.*, 59 F.2d 971, 973–74 (2nd Cir.1932); *In re Bell Tower Associates, Ltd.*, 86 B.R. 795, 799–800 (Bkrtcy.S.D.N.Y. 1988).

### Conclusion

It is not the function of this Court to substitute its factual findings for the factu-

---

**3.** Where a bankruptcy action will focus on financial decisions and the formulation of a reorganization plan, the weight given factors which coincide with the "nerve center" analysis may be greater. Thus, the analysis of proper venue in bankruptcy cases is different than in diversity cases. *See Matter of Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1247 n. 17 (5th Cir.1979).

al findings of the Bankruptcy Court. The Court FINDS that the determination of Erie, Pennsylvania to be Great Lakes Hotel Associates' principal place of business was not clearly erroneous. Therefore, the Bankruptcy Court correctly found Newport News, Virginia to be an improper venue. As discussed herein, the Court also FINDS that the Bankruptcy Court has no jurisdiction to retain a case in this district where it was filed in an improper venue. It is ORDERED that this case be transferred to the Western District of Pennsylvania.

The Clerk is REQUESTED to send a copy of this Order to all interested parties.

It is so ORDERED.