Carl T. Johnson, El Paso, TX, for debtors.

Donald F. Harris, Santa Fe, NM, for New Mexico Taxation and Revenue Dept.

### DECISION AND ORDER ON MOTION TO TRANSFER VENUE OR TO DISMISS CASE

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the foregoing matter. The New Mexico Department of Revenue and Taxation moves to transfer venue to the District of New Mexico, or in the alternative, to have this case dismissed for improper venue. Movant asks this court to reverse its earlier decision in *In re Lazaro,* 128 B.R. 168 (Bankr.W.D.Tex.1991), arguing that the Supreme Court's analysis in *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) confirms that *Lazaro*'s statutory analysis was incorrect.[1]

The facts in this case are not in dispute. The debtors reside in Chaparral, New Mexico, approximately four miles over the state line from El Paso. They claim that, to file in Las Cruces, they would "need to drive through El Paso, passing the Federal Court building, passing the Chapter 13 Trustee's office, passing the opposite city limits of El Paso, and then an additional 45 miles into Las Cruces."[2] Most of their creditors are in

### In re BROWN, HOWARD & ALDEA, Debtors.

### Bankruptcy No. 94–30393–C.

United States Bankruptcy Court, W.D. Texas, El Paso Division.

July 19, 1995.

1. Movant adds that no cases have to date followed *Lazaro*. *See In re Great Lakes Hotel Assoc.,* 154 B.R. 667 (E.D.Va.1992); *In re Washington, Perito & Dubuc,* 154 B.R. 853 (Bankr.S.D.N.Y. 1993); *In re Petrie,* 142 B.R. 404 (Bankr.D.Nev. 1992); *In re Sporting Club at Illinois Center,* 132 B.R. 792 (Bankr.N.D.Ga.1991).

2. Actually, Chaparral is not so far from Las Cruces as this statement makes it sound. The debtors could have taken O'Hara Gap across the Franklin Mountains, picking up Interstate 10 on the west side of the mountains, from where it is a twenty to thirty minute drive to Las Cruces.

the El Paso area and the State of New Mexico is being paid in full. The case is a consumer case, not involving a business. However, the same case could as easily have been filed in Las Cruces, with the same payout to creditors.[3] In short there are no extraordinary reasons for not filing this case in New Mexico.

These facts make out a strong case for transfer of venue based on convenience of the parties. *In re Abacus Broadcasting,* 154 B.R. 682 (Bankr.W.D.Tex.1993). This court has on more than a few occasions cautioned attorneys that *Lazaro* ought not be interpreted to be a gilt-edged invitation to counsel to ignore the requisites for placing venue properly. In *Abacus Broadcasting,* this court explained that, even if the court *could* keep a given case as a matter of law under *Lazaro,* the facts of most improperly venued cases will often dictate that the court *should* transfer the case. If the facts of a given case counsel for its retention, then the result should be the same under either *Lazaro* or *Abacus Broadcasting,* because the self-same venue statute advises that "[a] district court may transfer a case or proceeding under Title 11 to a district court for another district *in the interest of justice or for the convenience of the parties.*" 28 U.S.C. § 1412 (emphasis added).

In addition, the court in *Lazaro* had before it facts that affirmatively demonstrated that Las Cruces was an *inconvenient* forum. In fact, some of the court's assumptions regarding the Las Cruces docket have proven to be unfounded. The bankruptcy courts for New Mexico service that docket as regularly as the docket requires (they will go there monthly if that is what is needed—which is the same frequency with which the El Paso bench is also covered by a judge who travels from San Antonio). The chapter 13 trustee in New Mexico conducts first meetings of creditors in Las Cruces monthly. The "drain-off" of New Mexico debtors who file in El Paso is not a significant percentage of the El Paso overall filings, but it *is* a significant portion of the Las Cruces filings. If more cases were filed in New Mexico, the resulting increase in the docket would both encourage the development of a local bar and increase the frequency and number of hearings in Las Cruces. What is more, the additional filings would make a significant monetary difference to the chapter 13 trustee, who would then be able to justify greater expenditures to service the Las Cruces and surrounding area.

The interests of justice and the convenience of the parties in this case are better served by a transfer of this case to the Las Cruces Division of the District of New Mexico. But more significantly, this case does not present the extraordinary fact pattern that would render transferring the case a positive injustice. We cannot say that Las Cruces is so inconvenient that we are justified in ignoring the normal rules for venue placement. The case therefore should be transferred.

Because this case has been decided by its facts, we do not reach the legal issue which the movant has urged. The motion to transfer venue is granted.

So **ORDERED.**

---

**3.** The Las Cruces Division is in fact serviced by the bankruptcy judges in New Mexico, who come there as frequently as the docket demands. The chapter 13 trustee regularly conducts first meetings of creditors in Las Cruces. Many hearings are conducted telephonically on the New Mexico bankruptcy docket, but that system does not deprive litigants of their day in court.