**In re BLAGG, Jesse Doyle and Blagg, Leasa Dawn, Debtors.**

**Bankruptcy No. 97–03510–R.**

United States Bankruptcy Court, N.D. Oklahoma.

Dec. 1, 1997.

Ty H. Stites, Tulsa, OK, for Debtor.

Gerald R. Miller, Muskogee, OK, for Movant.

Katherine Vance, Tulsa, OK, Assistant United States Trustee.

**ORDER GRANTING TRUSTEE'S MOTION TO DISMISS FOR IMPROPER VENUE AND GRANTING MOTION FOR SANCTIONS AND IMPOSING SANCTIONS SUA SPONTE UNDER BANKRUPTCY RULE 9011**

DANA L. RASURE, Chief Judge.

## Procedural History

On September 16, 1997, the Interim Bankruptcy Trustee, Gerald R. Miller (the "Trustee"), filed a Motion to Transfer on the basis that this Chapter 7 case was filed in the wrong district. On October 2, 1997, the Debtors, Jesse Doyle Blagg and Leasa Dawn Blagg (collectively the "Debtors"), filed Debtors' Response to the "Motion to Transfer" Filed by Trustee and Request for Hearing (the "Response to Motion to Transfer"). On October 7, 1997, the Trustee filed an Amended Motion to Transfer or in the Alternative, Motion to Dismiss (the "Motion to Transfer or Dismiss") and a Motion for Sanctions Pursuant to B.R. 9011 and 28 U.S.C. 1927 (the "Sanctions Motion"). On October 27, 1997, Debtors filed Debtors' Response to Trustee's "Amended Motion to Transfer or in the Alternative, Motion to Dismiss: and Response by Debtors' Attorney to Trustee's Motion for Sanctions . . .".

On October 30, 1997, the motions and responses were set for hearing. Appearing for the Debtors was their counsel, Ty Stites; Gerald Miller appeared as the Trustee; and Katherine Vance appeared for the United States Trustee. The Court heard oral argument on the issues of venue and sanctions and took the matters under advisement. Later on October 30, 1997, Debtors filed a Supplemental Debtors' Response to Trustee's "Amended Motion to Transfer or in the Alternative, Motion to Dismiss" and Response by Debtors' Attorney to Trustee's "Motion for Sanctions . . ." (the "Supplemental Response"), further addressing the issue of venue.

On November 10, 1997, the Court issued an Order to Show Cause Why Debtors' Counsel Should Not Be Sanctioned Pursuant to Bankruptcy Rule 9011 (the "Show Cause Order"), setting a show cause hearing for November 14, 1997. On November 13, 1997, Debtors' Counsel filed a written response to the Show Cause Order. The Show Cause hearing was held; Debtors' Counsel appeared on behalf of himself; Katherine Vance appeared on behalf of the United States Trustee; and Gerald Miller appeared as the Trustee.

## Findings of fact and conclusions of law regarding venue

There is no dispute that the Debtors reside in the Eastern District of Oklahoma.

The Debtors assert that venue is proper in the Northern District of Oklahoma because "Debtor husband is employed in this district and, therefore, the Debtors' 'principal place of business' (employment) is in this district." Debtors' Response at ¶ 3.[1] Debtors have presented no authority that venue is proper in the district in which a debtor is employed. It is well settled that a debtor's place of employment is not relevant to the question of venue. *See* 28 U.S.C. § 1408 (venue statute); *see also In re Berryhill*, 182 B.R. 29 (Bankr. W.D.Tenn.1995) and cases cited therein; *Friedman v. Oliver (In re Oliver)*, 111 B.R. 540, 544 (Bankr.D.Md.1989) (salaried individual debtor's place of employment was not "principal place of business" for venue purposes); 1 Collier on Bankruptcy ¶ 4.01[2][c](a salaried individual has no "principal place of business").

█ It is equally clear that in the event a debtor files a bankruptcy petition in the wrong district, the court may do one of two things: dismiss the case or transfer the case. *See* 28 U.S.C. § 1406(a) [2] and Fed.R.Bankr.P. 1014(a)(2) and Committee Note to 1987 Amendments.[3] *See also In re Berryhill*, 182 B.R. at 31, *In re Washington, Perito & Dubuc*, 154 B.R. 853, 858 (Bankr.S.D.N.Y.1993); *In re Petrie*, 142 B.R. 404, 407 (Bankr.D.Nev. 1992) (improperly venued cases must be dismissed or transferred; if a case should be transferred to another venue for convenience of the parties or interest of justice, it is the role of the "home" court with proper venue to decide to transfer under 28 U.S.C. § 1412); *In re Standard Tank Cleaning Corp.*, 133 B.R. 562, 563 (Bankr.E.D.N.Y. 1991) (bankruptcy court may not retain improperly venued case); *In the Matter of The Sporting Club at Illinois Center*, 132 B.R. 792, 799 (Bankr.N.D.Ga.1991) (court may retain improperly venued case only if no party in interest objects and venue is deemed waived).

█ In this instance, the Court will dismiss the case without prejudice to filing in the proper district.[4] The Court believes that dismissal and a subsequent refiling in the proper district is more appropriate than transferring the case, as a dismissal will result in the case "starting over" and affording creditors residing in the Eastern District of Oklahoma an opportunity to attend the Debtors' Section 341 meeting and fully participate in the case in the proper and more convenient venue. Contrary to the view expressed in Debtors' briefs, the rules regarding venue should not be interpreted as existing solely for the convenience of the Debtors; the venue statutes are intended to address the convenient and fair administration of justice to **all** participants in the proceedings. *See In re Abacus Broadcasting Corp.*, 154 B.R. 682 (Bankr.W.D.Tex.1993) (it is unfair to creditors and the courts to permit forum shopping by the debtor to be given any deference).

---

1. The Debtors also argue that the Trustee's motion was not timely. The Trustee filed his motion nineteen days after the meeting of creditors, where the Trustee learned that the Debtors had no basis for venue in this district. Absolutely nothing happened in this case during those nineteen days. Therefore, since neither party would be prejudiced by requiring this case to be filed in the proper district, the Trustee's motion is deemed timely by this Court.

2. Section 1406(a) of title 28 specifically addresses the disposition of improperly venued cases and provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

3. The Advisory Committee Notes to 1987 Amendments to Bankruptcy Rule 1014 provide:

. . . **Formerly, 28 U.S.C. § 1477 authorized a court either to transfer or retain a case which had been commenced in a district where venue was improper. However, 28 U.S.C. § 1412, which supersedes 28 U.S.C. § 1477, authorizes only the transfer of a case. The rule is amended to delete the reference to retention of a case commenced in an improper district.** Dismissal of a case commenced in the improper district as authorized by 28 U.S.C. § 1406 has been added to the rule. If a timely motion to dismiss for improper venue is not filed, the right to object is waived.
(Emphasis added).

4. Since the Court is dismissing the case for improper venue, it is not necessary to reach the issue as to the burden of proof required to transfer a case pursuant to 28 U.S.C. § 1412, an issue raised by Debtors in the Supplemental Response. The Court has discretion to either transfer **or** dismiss.

## Findings of fact and conclusions of law regarding sanctions

Under Rule 9011 of the Bankruptcy Rules, sanctions are appropriate against an attorney who has signed a paper filed in a case if the document is not well grounded in fact, is not warranted by existing law, or is not supported by a good faith argument for the extension, modification, or reversal of existing law. Fed.R.Bankr.P. 9011. The Court finds that counsel for Debtors signed not only the voluntary petition for relief alleging venue in an obviously improper district, but also signed the Response to Motion to Transfer, alleging, without any authority or good faith argument for the modification of the existing law, venue on the basis of debtor husband's employment in this district.

Counsel for Debtors also signed and submitted the Supplemental Response. In the Supplemental Response and at the hearing on October 30, 1997, Debtors' counsel represented to the Court that the Advisory Committee Notes to Bankruptcy Rule 1014 indicates that "the court has the power to **retain** a case." Supplemental Response at ¶ 2 (emphasis added).[5] As set forth in footnote 3 herein, the Advisory Committee Notes advise that Rule 1014 was amended in **1987** to specifically delete the option of retaining a case filed in an improper venue. The Rule was amended to conform with the repeal of 28 U.S.C. § 1477, which specifically permitted retention of an improperly venued case, and the adoption of 28 U.S.C. § 1406, which provided only two options, dismissal or transfer, when a valid venue objection is interposed.

Debtors' counsel's conduct is similar to the conduct punished in *Findlay v. Banks (In re Cascade Energy & Metals Corp.)*, 87 F.3d 1146 (10th Cir.1996). In the *Findlay* case, in a brief submitted to the court, the attorney quoted a state statute as authority for the relief he sought, but omitted sections of the statute that clearly showed that the statute did not apply to the situation before the court. The bankruptcy court found the attorney in violation of Bankruptcy Rule 9011 for attempting to mislead the court with an inaccurate representation of the law. *Id.* at 1151. The Tenth Circuit affirmed the sanction, stating:

> Rule 11 requires counsel to study the law before representing its contents to a federal court. An empty head but pure heart is no defense. The Rule requires counsel to read and consider before litigating. Counsel who puts the burden of study and illumination on the defendants or the court must expect to pay attorneys' fees under the rule.

*Id.* at 1151–52, quoting *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir.), *cert. denied*, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).

■ This Court finds that by signing the Petition for Relief, the Response to the Motion to Transfer, and the Supplemental Response, Debtors' counsel committed sanctionable offenses pursuant to Bankruptcy Rule 9011.[6]

The Court notes that this is not the first case filed by this counsel alleging proper venue where venue is clearly not proper in this district. Counsel for Debtors ignores the clear mandate of the laws of the United States regarding venue and instead selects a venue that is most convenient for himself and his clients, despite counsel's knowledge that there is no good faith basis for the assertion of venue in that convenient district.

The Court further notes that these improper filings by counsel have resulted in an administrative burden and have caused an inconvenience to the Court, the Trustee, the

---

**5.** At the October 30th hearing, Debtors' Counsel stated: "I think the committee comment to Rule 1014 is important. I'll quote part of it. 'Subdivision A of the rule requires the interest of justice and the convenience of the parties to be the grounds of any transfer of a case or the **retention** [of] a case filed in the improper district.'" Transcript of hearing, October 30, 1997, at p. 7 at lines 21–25, p. 8 at line 1 (emphasis added).

**6.** The Court specifically declines the Trustee's invitation to impose sanctions pursuant to 28 U.S.C. § 1927, as this circuit has held that Section 1927 does not apply to bankruptcy courts. *Jones v. Bank of Santa Fe (In re Courtesy Inns)*, 40 F.3d 1084, 1086 (10th Cir.1994). Bankruptcy courts may sanction vexatious or bad faith litigation tactics pursuant to 11 U.S.C. § 105, however. *Id.* at 1089–90.

Assistant United States Trustee, the creditors and the Bankruptcy Court Clerk's office.

■ As a sanction for knowingly and deliberately filing this case in the improper district, Debtors' counsel is hereby ordered to refrain from charging Debtors any additional fees or expenses for any additional work incurred by Debtors' counsel in filing the petition and representing the Debtors in the proper district. Further, the Court orders counsel for Debtors to pay the filing fee required to file the petition in the proper district. The Debtors are not to be penalized or prejudiced by Debtors' counsel's impropriety. In addition, Debtors' counsel shall pay the fees and expenses incurred by the Trustee in connection with drafting and filing the original motion to transfer, the Motion to Transfer or Dismiss, and the Sanctions Motion, as well as for the time for preparing for and attending the hearing on October 30, 1997. The Trustee shall submit an affidavit as to the amount of aforementioned fees and expenses within fifteen days of the date of this order, and the Court will enter an order awarding the Trustee his reasonable fees and expenses.

■ As a sanction under Bankruptcy Rule 9011 for misrepresenting the state of the law to the Court by quoting and citing superseded comments based upon repealed statutes, the Court imposes upon Debtors' counsel a monetary sanction of $500.[7] Debtors' counsel shall submit to the Bankruptcy Court Clerk of the Northern District of Oklahoma a cashier's check, or other certified funds, made payable to the United States

Bankruptcy Court in the amount of $500, within fifteen days of the filing date of this Order. The Court finds that taking into consideration the volume of cases filed by Debtors' counsel in this Court and his requests for approval of fees therefor, counsel has the ability to pay such sanction. The Court further finds that such a sanction is reasonably related to the time invested in connection with researching and correcting counsel's erroneous assertions of law. The Court further finds that it is necessary to impose such a sanction to deter future misrepresentation to this Court and to encourage a more careful approach in advising the Court of the state of the law. *See Masunaga v. Stoltenberg (In re Rex Montis Silver Co.),* 87 F.3d 435, 439–40 (10th Cir.1996) (factors considered in determining amount of monetary sanctions).

**IT IS THEREFORE ORDERED** that the Trustee's Motion to Dismiss is granted; that this case is dismissed without prejudice to filing in the proper district; that as a sanction, Debtors' counsel is enjoined from charging Debtors any fees or expenses for additional work that will be necessary to file the case in the proper district and represent the Debtors to the extent originally agreed between the parties as set forth in the Attorney's Disclosure filed herein; that counsel for Debtors shall pay the filing fee required to file in the Eastern District of Oklahoma; that the Trustee shall submit an affidavit detailing his fees and expenses incurred in connection with drafting and filing the original motion to transfer, the Motion to Transfer or Dismiss and the Sanctions Motion, as

---

7. The Court is not sanctioning Debtors' Counsel for taking the lonely position taken by Judge Leif Clark in the *In re Lazaro* case, 128 B.R. 168 (Bankr.W.D.Tex.1991). The Court recognizes that there is *one* post-amendment bankruptcy case that supports the Debtors' argument that this Court may retain an improperly venued case. Even Judge Clark has rethought his analysis of Rule 1014 in *Lazaro* to an extent, acknowledging that no cases have followed *Lazaro,* and that *Lazaro* was confined to its facts, which he states have proved to be inaccurate. *See In re Brown, Howard & Aldea,* 184 B.R. 741 (Bankr. W.D.Tex.1995). This Court joins the overwhelming majority of courts that interpret Rule 1014 as precluding the retention of an improperly venued case. *See In re Peachtree Lane Associates, Ltd.,* 188 B.R. 815 (N.D.Ill.1995); *In re EDP Medical*

*Computer Systems, Inc.,* 178 B.R. 57 (M.D.Pa. 1995); *In re Great Lakes Hotel Associates,* 154 B.R. 667 (E.D.Va.1992); *ICMR, Inc. v. Tri–City Foods, Inc.,* 100 B.R. 51 (D.Kan.1989); *In re Henderson,* 197 B.R. 147 (Bankr.N.D.Ala.1996); *Micci v. Bank of New Haven (In re Micci),* 188 B.R. 697 (Bankr.S.D.Fla.1995); *In re Berryhill,* 182 B.R. 29 (Bankr.W.D.Tenn.1995); *In re Columbia Western, Inc.,* 183 B.R. 660 (Bankr. D.Mass.1995); *In re Dorval,* 1994 WL 228653 (Bankr.D.R.I.1994); *In re Washington, Perito & Dubuc,* 154 B.R. 853 (Bankr.S.D.N.Y.1993); *In re Petrie,* 142 B.R. 404 (Bankr.D.Nev.1992); *In re Sporting Club at Illinois Center,* 132 B.R. 792 (Bankr.N.D.Ga.1991); *In re Standard Tank Cleaning Corp.,* 133 B.R. 562 (Bankr.E.D.N.Y. 1991); *In re Pick,* 95 B.R. 712 (Bankr.D.S.D. 1989).

well as for the time for preparing for and attending the hearing on October 30, 1997; and that Debtors' counsel shall submit to the Bankruptcy Court Clerk, within fifteen days hereof, the sum of Five Hundred Dollars ($500) in certified funds made payable to the United States Bankruptcy Court.